UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON ARIAS, | Civil Action No. |
| Plaintiff, | 17-162 (SDW) (LDW) |
| v. | |
| HARRISON POST OFFICE, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is the motion of Defendant, the United States Postal Service, impleaded as Harrison Post Office, to dismiss this action for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 3). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Plaintiff *pro se*, Ramon Arias, filed no opposition to this motion. Having considered the motion papers and for the reasons set forth herein, this Court recommends that the motion to dismiss be **GRANTED**.

## I.    BACKGROUND

Plaintiff, acting *pro se*, filed a Small Claims Complaint in the Superior Court of New Jersey, Hudson County, Special Civil Part, on December 9, 2016. (Notice of Removal, Ex. A, ECF No. 1-1). Plaintiff alleges that, while exiting a United States Post Office in Harrison, New Jersey, on the morning of September 19, 2016, he slipped on a wet and slippery floor and fell down several steps. (*Id.*). Plaintiff's Complaint includes bills for emergency medical treatment, and he alleges that the fall also damaged his iPhone and his belt. (*Id.*). The Complaint seeks damages of

$3000. (*Id.*). Plaintiff also contends that he asked the Post Office supervisor to fill out an accident report, but was told that he had fill out an accident report at the police station. (*Id.*).

On January 10, 2017, the United States removed the action to this Court under the federal defendant provisions of 28 U.S.C. §§ 1346(b) and 1442(a)(1). (Notice of Removal, ECF No. 1). Defendant's Notice of Removal asserts that "[t]his action may be properly removed under 28 U.S.C. § 1442(a)(1) because the Harrison Post Office is a branch of the United States Postal Service, an agency of the United States." (*Id.* ¶ 5). It further explains that, "[t]o the extent that the party named in the complaint as 'Harrison Post Office' refers to the United States Postal Service, the action against this defendant is deemed to be an action against the United States, and shall proceed against the United States, because the United States is the only proper defendant in a tort action brought against a federal agency." (*Id.* ¶ 6). Defendant additionally asserted that "[p]ursuant to 28 U.S.C. § 1346(b), federal district courts have exclusive jurisdiction over this civil action against the United States." (*Id.* ¶ 8).

## II.    LEGAL ANALYSIS

### A. Summary of the Motion

Shortly after removing the action to this Court, Defendant filed this motion to dismiss on the basis that this Court lacks subject matter jurisdiction to hear the action. (ECF No. 3). Defendant essentially contends that, under the sovereign immunity doctrine, a plaintiff may assert a tort claim against a branch of a federal agency, such as the Harrison Post Office, solely under the Federal Tort Claims Act ("FTCA"). (Mem. of Law, ECF No. 3-1, at 3–4). It further urges that the only proper named defendant to an FTCA claim is the United States. (ECF No. 3-1 at 4). It argues that, "[b]ecause the United States is the only proper defendant in an FTCA case, all claims against the named defendant must be dismissed." (*Id.* at 4–5).

Defendant asserts that if the Court chooses to substitute the United States as the proper defendant in this matter, it should still dismiss the action as Plaintiff has failed to satisfy the prerequisites for commencing an action under the FTCA. (*Id.* at 5–6). Specifically, Defendant argues that a plaintiff must exhaust administrative remedies before filing suit against a federal agency by filing a claim directly with the agency and receiving a written denial. (*Id.* at 5). Defendant contends that Plaintiff filed no administrative claim with the United States Postal Service and never alleged that he has exhausted administrative remedies. (*Id.* at 6).

Plaintiff has filed no opposition to this motion, nor has he made any other filing in this matter since Defendant removed it.

### B. Analysis

As a general matter, the federal government, as well as its agencies, is shielded from legal claims by the doctrine of sovereign immunity, except to the extent that it has explicitly waived this protection. *FAA v. Cooper*, 566 U.S. 284, 290 (2012); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has waived its sovereign immunity to tort claims, subject to numerous specific exceptions, under the FTCA. 28 U.S.C. § 1346(b); 28 U.SC. ch. 171; *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013); *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008). It is well established that both the protections of sovereign immunity and the waiver by the FTCA apply to the United States Postal Service. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–85 (2006). Sovereign immunity is a jurisdictional issue, and the specific terms of a waiver of immunity, like the FTCA, thus define the scope of the subject matter jurisdiction that courts may exercise. *Dolan*, 546 U.S. at 484; *Meyer*, 510 U.S. at 475.

The Court of Appeals for the Third Circuit has made clear that "[t]he only proper defendant in a suit pursuant to the FTCA is the United States." *Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015); *see also CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Accordingly, Defendant is correct that the United States is the only proper defendant to the present action and that the Court has no jurisdiction to hear a claim against the Harrison Post Office or even, more broadly, the United States Postal Service. *See Martinez v. U.S. Postal Serv.*, Civ. A. No. 15-8545 (FLW), 2016 WL 6892074, at *3 (D.N.J. Nov. 22, 2016); *Shahbazian v. U.S. Postal Serv.*, Civ. A. No. 13-2637 (KM), 2013 WL 4788160, at *2 (D.N.J. Sept. 6, 2013); *Kieffer v. Vilk*, 8 F. Supp. 2d 387, 391–95 (D.N.J. 1998); *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1071–74 (D.N.J. 1995). Thus, for this action to continue, the United States would have to be substituted as the named defendant.

There is precedent within this District for *sua sponte* substitution of the United States as defendant in similar circumstances, to accommodate a *pro se* plaintiff. *See Shahbazian*, 2013 WL 4788160 at *2. Even were the Court to do this, however, the Court would still recommend dismissal of the action for failure to exhaust administrative remedies.

Bringing an action under the FTCA requires that a plaintiff first exhaust any available administrative remedies. 28 U.S.C. § 2675(a); *Sebrell v. U.S. Postal Serv.*, 331 F. App'x 105, 106 (3d Cir. 2009) (per curiam); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). "No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Boseski v. N. Arlington Mun.*, 621 F. App'x 131, 135–36 (3d Cir. 2015), *cert. denied* 137 S. Ct. 200 (2016). If a plaintiff has not exhausted potential administrative remedies, a court lacks subject matter jurisdiction to hear the claim. *See Boseski*, 621 F. App'x at

136; *Walker v. United States*, 616 F. App'x 497, 499 (3d Cir. 2015); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457–58 (3d Cir. 2010). Postal regulations require a claimant to file a Standard Form 95, Claim for Damage or Injury, or some other written notice including a claim for concrete money damages. 39 C.F.R. § 912.5(a); *Shahbazian*, 2013 WL 4788160 at *3.

Defendant, in support of its motion, filed a declaration of Kimberly A. Herbst, a Supervisor and Torts Claims Examiner/Adjudicator, who states that a search of United States Postal Service records revealed no indication that Plaintiff filed an administrative claim related to his fall. (Herbst Decl., ECF No. 3-2). Plaintiff's Complaint also contains no indication that he filed an administrative claim with the Postal Service (*see* ECF No. 1-1), and it is Plaintiff who bears the burden of demonstrating subject matter jurisdiction, *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). As there is no evidence before the Court that Plaintiff filed an administrative claim and received a written denial before filing this action, Plaintiff has not satisfied this burden. Accordingly, dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate.

## III.     CONCLUSION

For the reasons stated above, this Court respectfully recommends that Defendant's motion to dismiss this action for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), be **GRANTED**.

Dated:  June 9, 2017

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:     Clerk of the Court
   cc:        Hon. Susan D. Wigenton, U.S.D.J.
              All Parties